IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.   CR-3-04-172 |
| v. | : | **PLEA AGREEMENT** |
| FOXTRONIX, INC.,<br>fka FOXTRONIX, | : | |
| Defendant. | : | |
| | : | |

The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, an Ohio corporation having its

principal place of business at 2240 East Central Avenue, Miamisburg, Ohio, by and through its

current president, Christopher T. Sweeney, acting with full authority and power to bind the

defendant corporation regarding all matters herein, represented by its attorneys, Jeffrey A.

Swillinger, Esq., and David K. Wehner, Esq., and the United States Attorney for the Southern

District of Ohio agree as follows:

1.      The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, will enter a plea of guilty

to a single count Bill of Information filed herein, charging it with a violation of 18 U.S.C. §

1001(a)(3).

2.      The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that the

maximum statutory penalty for Count 1 of the Information is:  a fine of not more than $500,000, a

term of probation not to exceed five years, and payment of $400.00 special assessment to the Clerk

of the U.S. District Court as required by 18 U.S.C. §3013.  Once said guilty plea is entered, accepted,

and not withdrawn, the United States Attorney agrees not to charge the defendant, **FOXTRONIX,**

**INC., fka FOXTRONIX**, or any of its corporate officers with any other offenses which are

considered part of the same course of conduct and time frame set forth in the Bill of Information.

3.      The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that a

mandatory special assessment fee of $400.00 for the count shall be imposed pursuant to the

provisions of 18 U.S.C. § 3013. This special assessment must be paid on or before the date of sentencing. Failure to pay this special assessment may result in this plea agreement being voided.

4. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that the United States Probation Department will conduct a presentence investigation and will recommend to the Court a sentencing range. The defendant understands that the Probation Department's recommendations are not binding on the Court and the terms of this Plea Agreement are not binding on the Court or the Probation Department.

5. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that there is no agreement concerning his ultimate sentence. The defendant could receive the maximum penalty provided by law.

6. By virtue of the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, pleading guilty to Count 1 of the Information, the defendant will not be considered a prevailing party as defined by the Hyde Amendment, Public Law 105-119, Title VI, Nov. 26, 1997 (set forth as a statutory note under 18 U.S.C. § 3006A) and hereby expressly waives filing any suit or asserting any claim against the United States or its employees under said provision.

7. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, agrees to make complete and full restitution to all victims for his crime. The parties have agreed that the amount of restitution owed the Defense Supply Center in Columbus, Ohio, is $23,124.45. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that this agreement regarding the amount of restitution owed to these victims is not binding on the Court and the Court will determine the amount of restitution the defendant must pay. The defendant further understands that if the Court determines a different amount of restitution that it must pay, the defendant will not be permitted to withdraw its guilty plea.

8. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, and the United States have agreed that the offense level as calculated under the sentencing guidelines at U.S.S.G. § 2B1.1 is 10. The parties also agree that the base fine level under U.S.S.G. § 8C2.4 is $20,000 and that the

2 

culpability score calculated under U.S.S.G. § 8C2.5 is 3. The parties further agree that this results in a fine range of $12,000 to $24,000. The parties agree to jointly recommend a fine of $18,000. The defendant, **FOXTRONIX, INC., fka FOXTRONIX**, understands that this agreement regarding the amount of the fine adjudged is not binding on the Court and the Court will determine the fine the defendant must pay. The defendant further understands that if the Court determines a different fine that it must pay, the defendant will not be permitted to withdraw its guilty plea.

9.      By signing this agreement the defendant **FOXTRONIX, INC., fka FOXTRONIX**, acknowledges that it has fully discussed its terms with its attorneys and understands and accepts those terms. Further, defendant acknowledges that this document contains the entire plea agreement between the defendant and the United States through its undersigned attorney. No other agreements, promises, deals, bargains or understandings exist which modify or alter these terms. This agreement binds only the United States Attorney's Office of the Southern District of Ohio and does not bind any other federal, state or local prosecuting authority.

Date: ___11/8/04___

    FOXTRONIX, INC.
    Defendant
    By and Through Its President
    Christopher T. Sweeney

Date: ___11/04/04___

    JEFFREY A. SWILLINGER, ESQ.
    Attorney for the Defendant
    FOXTRONIX, INC.

Date: ___11/5/04___

    DAVID K. WEHNER, ESQ.
    Attorney for the Defendant
    FOXTRONIX, INC.

    GREGORY G. LOCKHART
    United States Attorney

Date: ___11-15-04___

    ROBERT C. BARTLEMAY SR., ESQ.
    Special Assistant United States Attorney

3



## STATEMENT OF FACTS

**FOXTRONIX, INC., fka FOXTRONIX**, is an organization as defined by 18 U.S.C. §

18  having its principal place of business at 2240 East Central Avenue, Miamisburg, Ohio during

all times relevant to this case.  From on or about  January 1, 1999, and continuing until on or

about  August 9, 2000, the United States Government requested quotes from the defendant,

**FOXTRONIX, INC., fka FOXTRONIX**, for the purchase of electrical components and

equipment.  From on or about December 2, 1999 and continuing until on or about August 9,

2000, the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, submitted three separate bids to

supply electrical components and equipment.  Between December 2, 1999 and continuing until

August 9, 2000, in response the Department of Defense (DoD), the Defense Logistics Agency

(DLA), and the Defense Supply Center in Columbus, Ohio (DSCC) awarded the defendant,

**FOXTRONIX, INC., fka FOXTRONIX**, three respective contracts (SPO93000M1163,

SPO90500M1315, and SPO90000AA589/0158) to supply the electrical components and

equipment.  These transactions were matters within the jurisdiction of the DoD, DLA, and

DSCC, each a Department or Agency of the United States.

From on or about December 2, 1999 through on or about August 9, 2000, in the Southern

District of Ohio, the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, knowingly, willfully,

and falsely represented to the Department of Defense (DoD), the Defense Logistics Agency

(DLA), and the Defense Supply Center in Columbus, Ohio (DSCC) in the above referenced

contract quotations, and invoices that the electrical components and equipment that were as

specified by DoD, were newly manufactured items, were not former U.S. Government surplus

items, and were exact original equipment containing appropriate manufacturer's part numbers as

specifically required and described in United States Government solicitation documents prepared

by DSCC. In fact, as the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, then knew, the electrical components and equipment did not meet DoD, DLA, and DSCC specifications, were not in fact newly manufactured items, were instead former U.S. Government surplus items, and were not exact original equipment containing appropriate manufacturer's part numbers. As such, these statements and representations by the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, were materially false.

From on or about January 5, 2000 through on or about August 2, 2000, the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, shipped the electrical components and equipment to DSCC. On these same dates, the defendant, **FOXTRONIX, INC., fka FOXTRONIX**, submitted invoices to the U.S. Government seeking payments from the U.S. Government. These invoices were timely paid by the U.S. Government on February 11, 2000, February 24, 2000, and August 9, 2000 respectively.

As a result of the false statements made by **FOXTRONIX, INC., fka FOXTRONIX**, the U.S. Government suffered a total loss of $23,124.45.